IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CLASSIC SPA & TUB CO., NATIONWIDE MUTUAL INSURANCE COMPANY, and AMCO INSURANCE COMPANY, <br><br> Plaintiffs, <br><br> vs. <br><br> GREE USA, INC., and MJC AMERICA, LTD., <br><br> Defendants. | 4:24CV3010 <br><br> **MEMORANDUM AND ORDER** |

This matter comes before the Court on Plaintiffs' motion to compel trial deposition of Defendant MJC America, Ltd.'s Rule 30(b)(6) representative Simon Chu. Filing No. 49. Plaintiffs assert that Mr. Chu may be incarcerated at the time of trial, and therefore unavailable. For the reasons stated below, Plaintiffs' motion will be denied.

On August 1, 2024, Plaintiffs deposed Mr. Chu as the designated corporate representative of Defendant, MJC America, Ltd. ("Defendant" or "MJC"), pursuant to Rule 30(b)(6). Mr. Chu is the sole remaining employee of MJC and MJC's only current business function is responding to lawsuits. Filing No. 49-5. Mr. Chu is currently scheduled to be sentenced for criminal charges in the United States District Court for the Central District of California on November 5, 2024.

1

Plaintiffs contend once Mr. Chu is sentenced, he will be unavailable to testify at trial and seek an order compelling Defendant to produce Mr. Chu, as MJC's corporate representative, for a videorecorded deposition to preserve his testimony for trial.

"Neither the Rules of Civil Procedure nor the Rules of Evidence make any distinction between discovery depositions and depositions for use at trial." *Henkel v. XIM Prods., Inc.*, 133 F.R.D. 556, 557 (D.Minn.1991). *See also Integra Lifesciences I, Ltd v. Merck KGaA*, 190 F.R.D. 556, 558 (S.D.Cal.1999) ("The Federal Rules of Civil Procedure do not distinguish between depositions taken for discovery purposes and those taken strictly to perpetuate testimony for presentation at trial.") While the Federal Rules of Civil Procedure make no distinction between discovery depositions and trial depositions, it is undisputed that "trial depositions" are occasionally conducted by agreement of the parties, even when the witness is not unavailable.

The issue here is whether a party can force a trial deposition absent an agreement from the opposing party. Some courts strictly construe the Rules and conclude that there is no provision for a trial deposition unless necessary to avoid a miscarriage of justice. A second line of cases recognizes, however, the "common practice" of taking trial depositions and concludes that such a deposition may be authorized over the other party's objection. *Lenius v. Deere & Co.*, No. C12-2063, 2014 WL 6879311, at *2 (N.D. Iowa Dec. 4, 2014) (summarizing two lines of reasoning); *Compare Henkel*, 133 F.R.D. at 558. (concluding trial depositions are not allowed absent an agreement of the parties, or some compelling circumstance that would cause a miscarriage of justice), *with Estenfelder v. Gates Corp.*, 199 F.R.D. 351, 354 (D.Colo.2001) (recognizing trial depositions as a practical matter).

Under the facts of this case, the Court finds a narrow reading of the Rules is appropriate. While the parties speculate as to Mr. Chu's whereabouts at the time of trial, he has not yet been sentenced and trial in this case has not yet been set.

2

Therefore his "unavailability" on which Plaintiffs rely is far from certain.[1] This is particularly true given Plaintiffs' acknowledgment of legal mechanisms to compel Mr. Chu's trial testimony even while incarcerated. *See* Filing No. 50 at 7. The set of circumstances presented by Plaintiffs—which is based upon a significant number of unknowns and an admission that there is a way Plaintiffs could compel Mr. Chu's testimony at trial, even if incarcerated—does not create a scenario in which failing to grant this request would cause a miscarriage of justice.

Further, Plaintiffs have already had the opportunity to depose Mr. Chu as MJC's corporate representative and did so for over seven hours. Filing No. 52-2. While this deposition testimony is limited to answers given to the questions asked by Plaintiffs' attorneys, that is the risk Plaintiffs took knowing he may become unavailable. *See Lenius* 2014 WL 6879311 at *4. Moreover, at the time of the August 1, 2024 deposition, Plaintiff knew Mr. Chu was facing criminal sentencing.

Finally, because Plaintiffs have already deposed Mr. Chu, they must receive leave of court to take a second deposition. *See* Fed.R.Civ.P. 30(a). Rule 26(b)(2) provides in relevant part, the Court "must limit the frequency or extent of discovery … if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

---

[1] The Court does not consider whether Mr. Chu is unavailable for the purposes of admissibility at trial as that is not currently before the Court.

Here, Plaintiffs are not seeking *discovery* at all. They admit such. Rather, Plaintiffs have already had ample opportunity to obtain information from Mr. Chu as MJC's corporate representative having already deposed him. As such, the Court is not persuaded that leave is proper under Fed. R. Civ. P. 30(a). *See also Waste Connections v. Appleton Elec. LLC*, 2014 WL 1842908 at *2 (D. Neb. May 8, 2014) (denying request to take second deposition of treating physician finding such request duplicative and unreasonably cumulative).

Dated this 28th day of October, 2024.

BY THE COURT:

*s/ Jacqueline M. DeLuca*
United States Magistrate Judge